SCEF *v.* SCEF.

1. APPEAL AND ERROR—RECORD.
   On appeal in suit to set aside mortgage and foreclosure thereof from decree authorizing redemption after expiration of statutory period therefor where sale was held in violation of restraining order, Supreme Court is confined to record before it which does not show injunction to have been modified as claimed by defendant's counsel.

2. MORTGAGES—FORECLOSURE SALE—INJUNCTION—REDEMPTION.
   In suit to set aside a mortgage and restrain foreclosure thereof, provision of decree, which recognized validity of mortgage, that mortgagor be allowed 60 days from date of decree in which to redeem *held,* modified by fact that sale had been made in violation of outstanding injunction but is modified on appeal to permit redemption within 60 days from filing of opinion.

Appeal from St. Clair; Robertson (William), J. Submitted January 3, 1940. (Docket No. 52, Calendar No. 40,280.) Decided March 15, 1940.

Bill by John Scef against Mary Scef to set aside a mortgage, restrain a foreclosure sale, and for other relief. From decree rendered, defendant appeals. Stanley Scef added as party plaintiff. Affirmed.

*De Puy & George,* for plaintiff.

*Gerald F. Haskell,* for defendant.

McALLISTER, J. Plaintiff John Scef was arrested in August, 1933, for drunken driving. His wife, Mary Scef, defendant, gave a recognizance bond in the amount of $500 for his appearance in justice court. Before she signed the bond, defendant Mary Scef required plaintiff to give her a mortgage on certain real estate in the amount of $700. After the bond was discharged, Mary Scef foreclosed the mortgage by advertisement, the date of sale being set for December 15, 1936. On December 10, 1936, plaintiff John Scef filed a bill to set aside the mortgage, and an injunction restraining any proceedings with the mortgage sale was issued by the circuit court. It appears that a motion to dissolve the injunction was filed on December 14th, but the record does not disclose any disposition of such motion. On January 10, 1938, the answer of defendant was filed to plaintiff's bill to set aside the mortgage, alleging that the mortgage sale was held on December 15, 1936. Defendant Mary Scef was purchaser at the mortgage sale. From the record in the case, such sale appears to have been in violation of the injunction theretofore issued against such proceedings. On the trial, the circuit court upheld the validity of the mortgage, but because the redemption period after the mort-

gage sale, held in violation of the injunction, had expired prior to trial, plaintiff John Scef was given leave to redeem the property from the mortgage sale within 60 days from the date of the court's decree. From such decree defendant appeals.

During the progress of the cause, Stanley Scef, the son of plaintiff John Scef, received a deed of the property from his father, and on motion before this court, he was added as a party plaintiff.

The record unfortunately is barren of evidence as to why the mortgage sale was held while an injunction restraining such proceedings was outstanding. Various attorneys participated at different times during the pendency of the case, but explanations are not forthcoming with regard to this matter. We have before us no opinion filed by the trial court. Defendant's counsel suggests that the sale took place after a modification of the injunction, but there is no proof that such is the case, and in this regard we are confined to the record. All that is disclosed is that the sale was held in violation of the injunction. We are of the opinion that such irregularity and violation of the order of the court justifies the provision permitting plaintiff to redeem in accordance with the decree of the trial court. The decree of the circuit judge is affirmed, except that a further order will be entered by the circuit judge, modifying the decree, by extending the time in which plaintiff may redeem for a period of 60 days from the date of the filing of this opinion. Plaintiff will recover costs.

Bushnell, C. J., and Sharpe, Chandler, North, Wiest, and Butzel, JJ., concurred. Potter, J., concurred in the result.